TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
GREGORY S. SCALLY (Cal. Bar No. 268073)
Assistant United States Attorney
Santa Ana Branch Office
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-3592
     Facsimile: (714) 338-3708
     E-mail:    gregory.scally@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:21-CR-00022-DOC |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT COBY CHRISTOPHER HOUSE |
| v. | |
| COBY CHRISTOPHER HOUSE, | |
| Defendant. | |

    1.   This constitutes the plea agreement between COBY CHRISTOPHER HOUSE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

    2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement

by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 20 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 22 and 23 below, will control, with the result that defendant will not be able to withdraw any guilty pleas entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

## DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

   a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts 1, 6, and 7 of the indictment in United States v. House, CR No. 5:21-CR-00022-DOC, which charges defendant with Conspiracy to Use a Facility in Interstate Commerce in Aid of Unlawful Activity, in violation of 18 U.S.C. § 371; and two counts of Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose a sentence of imprisonment within the range specified in paragraph 15 of this agreement.

1    d. Appear for all court appearances, surrender as ordered
2 for service of sentence, obey all conditions of any bond, and obey
3 any other ongoing court order in this matter.
4    e. Not commit any crime; however, offenses that would be
5 excluded for sentencing purposes under United States Sentencing
6 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
7 within the scope of this agreement.
8    f. Be truthful at all times with the United States
9 Probation and Pretrial Services Office and the Court.
10    g. Pay the applicable special assessments at or before
11 the time of sentencing unless defendant has demonstrated a lack of
12 ability to pay such assessments.

## THE USAO'S OBLIGATIONS

14  4. The USAO agrees to:
15    a. Not contest facts agreed to in this agreement.
16    b. Abide by all agreements regarding sentencing contained
17 in this agreement and affirmatively recommend to the Court that it
18 impose a sentence of imprisonment within the range specified in
19 paragraph 15 of this agreement.
20    c. At the time of sentencing, move to dismiss the
21 remaining counts of the indictment as against defendant.  Defendant
22 agrees, however, that at the time of sentencing the Court may
23 consider any dismissed charges in determining the applicable
24 Sentencing Guidelines range, the propriety and extent of any
25 departure from that range, and the sentence to be imposed.

## NATURE OF THE OFFENSES

27  5. Defendant understands that for defendant to be guilty of
28 the crime charged in count one, that is, Conspiracy to Use a Facility

3

in Interstate Commerce in Aid of Unlawful Activity, in violation of 18 U.S.C. § 371, the following must be true: (1) First, beginning on or about October 8, 2019, and ending on or about October 10, 2019, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; (2) Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. The elements of the crime of Use of a Facility in Interstate Commerce in Aid of Unlawful Activity, which was the object of the conspiracy, are: (1) Defendant used a facility in interstate commerce with the intent to promote, manage, establish, or carry on, or facilitate the promotion, management, establishment, or carrying on or an unlawful activity; and (2) After doing so, defendant distributed the proceeds of the unlawful activity or promoted, managed, established, carried on, or facilitated the promotion, management, establishment, or carrying on, of the unlawful activity.

6. Defendant understands that for defendant to be guilty of the crimes charged in counts six and seven, that is, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1), the following must be true: (1) Defendant knowingly possessed a firearm or ammunition; (2) The firearm or ammunition had been transported from one state to another; (3) At the time defendant possessed the firearm or ammunition, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) At the time defendant possessed the firearm or ammunition, he knew he

had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371, is: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 922(g)(1), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9. Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 25 years imprisonment; a 3-year period of supervised release; a fine of $750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $300.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration

status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

13. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 8, 2019, and continuing to on or about October 10, 2019, in San Bernardino County, within the Central District of California, defendant agreed with another ("co-conspirator 1") to violate Title 18, United States Code, Section 1952(a)(3), by agreeing with co-conspirator 1 to use a facility of interstate commerce, namely, a cell phone and the Internet, to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of a business enterprise involving prostitution ("the Business Enterprise"), in violation of California Penal Code Section 647(b), and thereafter perform and attempt to perform acts to promote, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of the Business Enterprise. Defendant became a member of the conspiracy knowing of its object, to violate Title 18, United States Code, Section 1952(a)(3), and intending to help accomplish it.

Defendant and co-conspirator 1 performed the following acts for the purpose of carrying out the conspiracy.  On or about October 9, 2019, defendant and co-conspirator 1 communicated with two female individuals (respectively, "Female 1" and "Female 2") about working in prostitution for the Business Enterprise.  On or about October 9, 2019, defendant and co-conspirator 1 used a facility in interstate commerce, namely, a cell phone and the Internet, to communicate with Female 1 about engaging in prostitution, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the Business Enterprise.

Thereafter, on or about October 9, 2019, Defendant and co-conspirator 1 drove Female 1 and Female 2 to a location for the purpose of working in prostitution.  Defendant gave Female 1 condoms to use in acts of prostitution.  Defendant communicated with Female 2 to oversee her work in prostitution.  Female 1 and Female 2 returned the proceeds of acts of prostitution to defendant and co-conspirator 1.  On or about October 10, 2019, co-conspirator 1, with defendant in the passenger seat, drove to the location where Female 1 and Female 2 were soliciting prostitution clients.  Defendant stated to a person ("Victim 1") who was near Female 1 and Female 2, in substance, "You talking shit to my bitches and trying to run them off the blade?"  Defendant then shot a firearm several times toward Victim 1.

On or about October 9, 2019, defendant knowingly possessed one High Standard .22 caliber revolver, bearing serial number M065730, and nine rounds of Federal Cartridge Company and Peters Ammunition .22 caliber ammunition, all of which had traveled in interstate commerce.  On or about October 10, 2019, defendant knowingly

possessed one Cobra .380 caliber handgun, bearing serial number FS103798, and three rounds of Sig .380 caliber ammunition, all of which had traveled in interstate commerce. At the time defendant possessed the above described firearms and ammunition, defendant knew he had been previously convicted of the following felony crime punishable by a term of imprisonment exceeding one year: Transportation of Certain Aliens, in violation of 18 U.S.C. §§ 1324(a)(1)(A)(ii), (v)(ii), in the United States District Court for the Southern District of California, in case number 18-CR-2943-001-GPC, on or about July 26, 2018.

## AGREED-UPON SENTENCING RANGE

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only.

15. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate disposition of this case is that the Court impose a sentence with a term of imprisonment within the range of 72 to 144 months; 3 years' supervised release with conditions to be fixed by the Court; no fine; and $300 special assessment. The parties agree that any restitution can be left until the time of sentencing. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e.   The right to confront and cross-examine witnesses against defendant.

   f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a sentence of imprisonment within the range specified in paragraph 15 above, defendant gives up the right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

19. The USAO agrees that, provided the Court imposes a sentence of imprisonment within the range specified in paragraph 15 above, the USAO gives up its right to appeal any portion of that sentence, and the procedures and calculations used to determine and impose any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and

11

(ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty pleas.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentencing range referenced in paragraph 15 is consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
United States Attorney

_/s/ Gregory S. Scally_          6/16/2022
GREGORY S. SCALLY              Date
Assistant United States Attorney

_/s/_                            06-15-22
COBY CHRISTOPHER HOUSE          Date
Defendant

_/s/_                            6/15/22
ROBISON D. HARLEY               Date
Attorney for Defendant COBY
CHRISTOPHER HOUSE

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  06-15-22
COBY CHRISTOPHER HOUSE            Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am COBY CHRISTOPHER HOUSE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____    __6/15/22_____
ROBISON D. HARLEY            Date
Attorney for Defendant COBY
CHRISTOPHER HOUSE